IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FRANK HANNIG, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. A-13-CV-239- |
| V. | § | |
| | § | |
| JOHNSON ROOFING, INC., | § | JURY TRIAL DEMANDED |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Frank Hannig ("Hannig" or "Plaintiff"), Plaintiff in the above styled and numbered cause, and files this, his Original Complaint, complaining of Johnson Roofing, Inc. ("Defendant"), and for causes of action would show as follows:

### I.
### INTRODUCTION

1. This action seeks actual damages, two times Plaintiff's back pay, compensatory damages, a declaratory judgment, attorney's fees, all costs and expenses, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest as allowed by law for Defendant's violations of § 1553 of the American Recovery and Reinvestment Act ("ARRA") and the False Claims Act ("FCA"), 31 U.S.C. § 3730(h).

2. Plaintiff demands a jury on all issues triable to a jury.

### II.
### PARTIES

3. The Plaintiff is an individual who resides in Denton County, Texas.

4. Defendant Johnson Roofing, Inc. is a Texas corporation that maintains its principal place of business in Texas. Service of the Summons and this Complaint may be made

by serving its registered agent, Bill Johnson, at 574 Youngblood Road, Robinson, Texas, 76706.

5. Defendant Johnson Roofing, Inc. is the former employer of the Plaintiff.

**III.**
**JURISDICTION AND VENUE**

6. This Court has jurisdiction over all claims in this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

7. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

8. All conditions precedent to filing this lawsuit have been met.

**IV.**
**PROCEDURAL PREREQUISITES**

9. On July 13, 2012, Plaintiff submitted a complaint, pursuant to § 1553 of the ARRA, to the Office of the Inspector General of the General Services Administration ("GSA-OIG").

10. On July 16, 2012, Plaintiff received confirmation from the GSA-OIG that his complaint had been submitted to the appropriate office.

11. More than 210 days have passed since Plaintiff filed his complaint.

12. To date, the GSA-OIG has not issued an order in regard to Plaintiff's complaint.

13. All conditions precedent to filing Plaintiff's causes of action in this lawsuit have been met.

**V.**
**FACTS**

14. Plaintiff worked for Johnson Roofing for approximately six months in 2010. Later, in February 2011, Plaintiff returned to Johnson Roofing after being offered a position as a sheet metal foreman.

15. Around May 2011, Johnson Roofing assigned Plaintiff to work on the new United States Courthouse project in Austin, Texas ("Courthouse").

16. The primary contractor on the Courthouse project was White Construction Company. White Construction Company was awarded a contract in excess of one-hundred million dollars by the General Services Administration to construct the new federal courthouse in Austin (Award Number GS-07P-06-UEC-0059). The Courthouse project has been paid for primarily through ARRA funds.

17. Johnson Roofing, Inc. was a sub-contractor to White Construction Company for work on the Courthouse.

18. Johnson Roofing's work on the Courthouse project was subject to the provisions of the Davis-Bacon Act, and related regulations, mandating that companies performing construction work on federal contracts comply with a number of requirements, including the payment of prevailing wages, and submitting weekly payrolls and statements of compliance to the federal contracting agency. Plaintiff had previously worked on projects under federal contracts and was familiar with the requirement to submit payroll with correct classifications and hours for workers.

19. Initially, Plaintiff and the workers he supervised did roofing work on the Courthouse.

3

20.    In or around June 2011, Plaintiff and the workers he supervised began work on exterior metal wall panels.  Under the Davis-Bacon Act and related federal regulations, and Johnson Roofing's contractual obligations arising under those laws and regulations, Plaintiff and the workers he supervised should have been paid the sheet metal prevailing wage rate for such work.  However, Johnson Roofing did not pay any of the workers at the proper prevailing wage rate.

21.    At some point in or around August of 2011, Plaintiff received a call from Pat O'Hara ("O'Hara")—the Project Manager and Plaintiff's supervisor at Johnson Roofing—asking him to provide by the end of the day a breakdown of prevailing wage work hours by category of prevailing wage.  Plaintiff provided this breakdown.  However, Johnson Roofing still did not begin paying Plaintiff or any of the workers he was supervising at the proper prevailing wage rate.

22.    Submitting false payroll certifications violates 31 U.S.C §§ 3729(a)(1)(A) and (B) of the FCA, if the individuals submitting those certifications knew that they were false, or were deliberately ignorant of or showed reckless disregard of the truth or falsity of the certifications. Conspiring to commit those FCA violations violates 31 U.S.C. § 3729(a)(1)(C) of the FCA. Plaintiff attempted to prevent Defendant from falsifying the payroll.

23.    Beginning around August or September of 2011 through the end of his employment with Johnson Roofing in January 2012, Plaintiff regularly disclosed to O'Hara and Joel Baize, another of Plaintiff's supervisors, the fact that Johnson Roofing was failing to pay Plaintiff and his fellow workers prevailing wages as required by the Davis-Bacon Act.  During this time period, Plaintiff also reported these violations of law to a supervisor with White Construction Company and an individual working for a company called APSI Construction

4

Management.

24.     Finally, around November 2011, Johnson Roofing began paying Plaintiff, the fabricator, and the two crew leaders Plaintiff supervised at the appropriate prevailing wage rate. However, Johnson Roofing was still not paying the other workers the proper prevailing wage rate. Plaintiff continued to report his fellow workers' complaint that Johnson Roofing was failing to pay prevailing wages as required by the Davis-Bacon Act.

25.     In or around December of 2011, Plaintiff received a write-up from Johnson Roofing for reporting wage issues to White Construction Company. Around this same time, Baize met with Plaintiff and his fellow workers and informed them that they would be terminated if wage issues were reported to other entities.

26.     In or around the second half of December 2011, O'Hara delivered checks for backpay to Plaintiff and the other three workers who had started receiving pay at the proper prevailing wage rate. However, Plaintiff did not take the check because it did not reflect the full number of hours he had worked at the proper prevailing wage rate. Plaintiff disclosed that he was not being paid properly under the law to O'Hara, who passed on that message to Kieran McQuade ("McQuade"), Director of Operations for Johnson Roofing.

27.     On or about January 5, 2012, Kieran McQuade came to the Courthouse job site. He had been scheduled to come to discuss the backpay issue with Plaintiff. McQuade gave Plaintiff a new check for backpay that still did not reflect the full amount of hours Plaintiff had worked at the proper prevailing wage rate. McQuade then terminated Plaintiff.

28.     Plaintiff alleges that he was terminated, in violation of § 1553 of the ARRA, for having disclosed information he reasonably believed is evidence of violations of laws, rules, and regulations relating to an agency contract relating to covered funds to individuals with

5

supervisory authority over him and individuals working for the employer who had the authority to investigate, discover, or terminate misconduct.

29. Plaintiff also alleges that he was terminated and otherwise discriminated against, in violation of the False Claims Act, 31 U.S.C. § 3730(h), for his efforts to stop 1 or more violations of the FCA.

## V.
## CAUSES OF ACTION

30. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

31. The Defendant's conduct violated § 1553 of the ARRA.

32. The Defendant's conduct violated the False Claims Act, 31 U.S.C. § 3730(h).

## VI.
## ATTORNEY'S FEES

33. Each and every allegation contained in the foregoing paragraphs is realleged as if fully rewritten herein.

34. Plaintiff is entitled to recover attorney's fees and costs for bringing this action pursuant to § 1553(c) of the ARRA and 31 U.S.C. § 3730(h)(2) of the False Claims Act.

## VII.
## DAMAGES

35. As a result of Defendant's conduct, Plaintiff seeks relief which includes, but is not limited to: (1) actual damages, including back pay and other benefits; (2) two times the back pay, as allowed by law; (3) reinstatement or front pay; (4) compensatory damages; (5) all costs and expenses, including but not limited to expert witness fees and attorneys' fees; (6) pre-judgment and post-judgment interest as allowed by law; (7) a declaratory judgment; and (8) such other

relief, legal or equitable, as may be warranted or to which Plaintiff is entitled.

## VIII.
## JURY DEMAND

36. Plaintiff requests a trial by jury on issues triable by a jury in this case.

## IX.
## PRAYER

37. WHEREFORE, Plaintiff respectfully prays that upon final hearing and trial hereof, this Court grant Plaintiff judgment for the following:

a.  A declaration that the acts and practices complained of in this Complaint are violations of § 1553 of the ARRA;

b.  A declaration that the acts and practices complained of in this Complaint are violations of § 3230(h) of the False Claims Act;

c.  Actual damages for the period of time provided by law, including appropriate backpay and other benefits;

d.  An equal amount to (c) as allowed under § 3730(h)(2);

c.  Reinstatement or front pay, including benefits;

e.  Compensatory damages;

f.  Attorneys' fees both for this cause and for any and all appeals as may be necessary;

g.  Pre-judgment and post-judgment interest as allowed by law;

h.  All costs and expenses;

i.  Costs of court and other costs of prosecuting Plaintiff's claim;

j.  Expert witness fees;

k.  Such other relief, legal or equitable, as may be warranted or to which

Plaintiff is entitled.

Respectfully Submitted,

The Cook Law Firm
919 Congress Avenue, Suite 1145
Austin, Texas 78701
Telephone: (512) 482-9556
Telecopier: (512) 597-3172

/s/ R. Scott Cook

By: _____

Russell Scott Cook
State Bar No. 24040724
Melissa Jacobs
State Bar No. 24046144

ATTORNEYS FOR PLAINTIFF
FRANK HANNIG